EDWARD BRUCE, PLAINTIFF, v. BENJAMIN P. KRYSIAK, DEFENDANT.

Submitted January term, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *Kellogg & Chance.*

*Contra, Feder & Rinzler.*

PER CURIAM.

Plaintiff, while proceeding to cross Main street, in Paterson, from west to east, at its intersection with Madison avenue, was struck by, or came in collision with, an automobile owned and driven by the defendant. He has a verdict for $10,000, which we are asked to set aside—

1. Because it is against the weight of the evidence upon the question of contributory negligence.

2. Because it is excessive.

Upon the question of the acts of the plaintiff, from which it is said that he was guilty of negligence contributing to the happening, the proofs are in conflict, but, nevertheless, present a fair jury question and we cannot say that the finding of the jury is against the weight thereof.

We think, however, the verdict is excessive.

Plaintiff's injury was a slight fracture of the fibula, the small bone of the lower leg, at or near the ankle. He lost three month's wages, which together with his medical bills,

&c., caused him a money loss of $873. He still complains of pain in his ankle, particularly in damp and rainy weather, and he walks with somewhat of a limp.

We think a verdict of $6,000 would have been ample, and if within thirty (30) days from date of service of a proper order hereunder plaintiff will file his consent to the reduction of his verdict to $6,000, then this rule will be discharged, otherwise it will be made absolute and a *venire de novo* issue.